1
2
3
4
5
6
7
8
9

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARK CONRAD FAUROT II,** ) | **CV F 06-1005 AWI SMS** |
| ) | |
| **Plaintiff**, ) | **ORDER DENYING MOTION** |
| ) | **FOR TEMPORARY** |
| v. ) | **RESTRAINING ORDER AND** |
| ) | **ORDER TO SHOW CAUSE** |
| **KINGS COUNTY SUPERIOR COURT** ) | |
| **EXECUTIVE OFFICER RODD H.** ) | (Document #2) |
| **BARTON, ET AL.,** ) | |
| ) | |
| **Defendants**. ) | |
| _____ ) | |

**BACKGROUND**

Plaintiff, an inmate in the custody of the California Department of Corrections, has filed this action against Clerks at the Kings County Superior Court.   In the complaint, Plaintiff alleges that Kings County Superior Court Clerks improperly returned his state habeas corpus petition, without filing it, along with directions to re-file the petition on a different form, because Plaintiff's petition had been done on an older form.   Plaintiff believes that this was improper because there are few differences between the recent form and the 1999 form he used.   Plaintiff re-submitted his state habeas corpus petition.   This time, Plaintiff appears to have sent a copy of what he had previously submitted to the court.   Plaintiff alleges the Kings County Superior Court Clerks returned this petition, without filing it, and indicated that an original signature was needed on the form.   Plaintiff believes the appropriate response for both of these alleged

technical errors would have been for the Kings County Superior Court Clerks to file the petitions and allow the court to review them, and then the court could have required an amended petition to cure any potential errors.

Along with his complaint, Plaintiff has filed a motion for a temporary restraining order and order to show cause why a preliminary injunction should not be issued. Plaintiff seeks an order from this court requiring the Kings County Superior Court Clerks to file his state habeas corpus petition. Plaintiff has attached this petition to his complaint in this action. There is no evidence that Plaintiff has served a copy of his motion on Defendants.

## LEGAL STANDARD

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant certifies the reasons that notice should not be required. Generally, irreparable harm is presumed if a violation of the constitution is shown. Goldies' Bookstore, Inc. v. Superior Court of the State of California, 739 F.2d 466, 476 (9th Cir. 1984). But where a federal injunction is sought against a governmental entity, the party requesting relief must show a threat of "great and immediate," not conjectural or hypothetical, irreparable harm. City of Los Angeles v. Lyons, 461 U.S. 95, 113 (1983); Orantes-Hernandez v. Thornburgh, 919 F.2d 549, 557 (9th Cir. 1990).

The purpose in issuing a temporary restraining order is to preserve the status quo for a short time pending a fuller hearing. Cases contain limited discussion of the standards for issuing a temporary restraining because very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent, however, that requests for temporary restraining orders are governed by the same general standards that govern issuance of a preliminary injunction. See, Motor Vehicle Board of Cal. v. Orrin W. Fox, 434 U.S. 1345, 1347 n. 2, (1977); Los Angeles Unified School District v. United States District Court, 650 F.2d 1004, 1008 (9th Cir. 1981);

Century Time Ltd. v. Interchron, 729 F. Supp. 366, 368 (S.D.N.Y. 1990).

A temporary restraining order or preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

## DISCUSSION

Here, the court cannot find that Plaintiff meets the standard for either a temporary restraining order or preliminary injunction.   Plaintiff does not seek to maintain the status quo; Rather, Plaintiff seeks an order from this court requiring the Kings County Superior Court to file Plaintiff's state habeas corpus petition.   Such an action would not maintain the status quo, but would essentially give Plaintiff the relief he seeks in this action.

Plaintiff claims that Defendants' actions have deprived him of his right of access to the courts.   In Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court defined a prisoner's right of access to the courts as simply the "right to bring to court a grievance." Lewis v. Casey, 518 U.S. 343, 354 (1996).  The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Id. at 354-55. A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." Id. 349-50.

To succeed on this action  for denial of access to the courts, Plaintiff must allege he suffered a specific, concrete, injury as a result of Defendants' actions. See Casey, 518 U.S. at 351; Barren v. Harrington, 152 F.3d 1193, 1195 (9th Cir.1998).  Actual injury means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing

deadline or present a claim." Casey, 518 U.S. at 348.   If the prisoner retains the ability to present his or her arguments to the court, there is no actual injury.

Here, Plaintiff is not being denied the ability to file his state habeas corpus petition. Defendants are simply requiring Plaintiff to file his petition on a form required by the Kings County Superior Court and provide an original copy of the petition, including original signatures, to the Kings County Superior Court.   While Plaintiff disagrees with these procedural rules, based on the facts as alleged by Plaintiff, Defendants have not deprived Plaintiff of his ability to file a state habeas corpus petition in the Kings County Superior Court.   Plaintiff must simply file his petition on the standard form used by the Kings County Superior Court and provide original signatures.   Because it appears Plaintiff will be able to file his petition in the Kings County Superior Court if he complies with the court's procedural rules, Plaintiff has not been denied the ability to file a state habeas corpus petition in the Kings County Superior Court.   As such, Plaintiff has failed to show an actual injury.   Thus, Plaintiff cannot show that he is likely to succeed on the merits of this action.

**ORDER**

Accordingly, Plaintiff's motion for a temporary restraining order and order to show cause why a preliminary injunction should not be issued is DENIED.

IT IS SO ORDERED.

**Dated:   August 29, 2006**                        /s/ Anthony W. Ishii
9h0d30                                                    UNITED STATES DISTRICT JUDGE