UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CONRAD FAUROT, II,<br><br>        Plaintiff,<br><br>    v.<br><br>TODD H. BARTON, Executive Officer, et al.,<br><br>        Defendants. | 1:06-cv-01005-AWI-SMS<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (DOCS. 5, 6)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO FILE AN AMENDED COMPLAINT NO LATER THAN THIRTY DAYS AFTER THE DATE OF SERVICE OF THIS ORDER (DOC. 1) |

Plaintiff is a state prisoner proceeding pro se with an action for relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304. Plaintiff filed the complaint in this action on August 2, 2006.

I. Application to Proceed in Forma Pauperis

On August 28, 2006, Plaintiff filed two motions to proceed in forma pauperis.

Plaintiff has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

1

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $350.00 for this action.[1] No initial partial filing will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect monthly payments of twenty percent of the preceding month's income credited to Plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

   II. <u>Screening the Complaint</u>

      A. <u>Legal Standards</u>

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447

---

[1] The filing fee for civil actions is $350.00. 28 U.S.C. § 1914, as amended effective April 8, 2006. Pub. L. 109-171, 120 Stat. 4, February 8, 2006.

2

1  (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
2  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
3      If the Court determines that the complaint fails to state a
4  claim, leave to amend should be granted to the extent that the
5  deficiencies of the complaint can be cured by amendment. Lopez v.
6  Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A
7  complaint, or a portion thereof, should only be dismissed for
8  failure to state a claim upon which relief may be granted if it
9  appears beyond doubt that the Plaintiff can prove no set of
10 facts, consistent with the allegations, in support of the claim
11 or claims that would entitle him to relief. See Hishon v. King &
12 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355
13 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log
14 Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).
15 Dismissal of a pro se complaint for failure to state a claim is
16 proper only where it is obvious that the Plaintiff cannot prevail
17 on the facts that he has alleged and that an opportunity to amend
18 would be futile. Lopez v. Smith, 203 F.3d at 1128.
19     A claim is frivolous if it lacks an arguable basis either in
20 law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A
21 frivolous claim is based on an inarguable legal conclusion or a
22 fanciful factual allegation. Id. A federal court may dismiss a
23 claim as frivolous if it is based on an indisputably meritless
24 legal theory or if the factual contentions are clearly baseless.
25 Id.
26     The test for malice is a subjective one that requires the
27 Court to determine whether the applicant is proceeding in good
28 faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46

(1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

### B. Plaintiff's Complaint

Plaintiff seeks declaratory and injunctive relief as well as damages from the Superior Court of King County; Todd H. Barton, the executive officer of the court; and two deputy clerks of the court referred to as clerks 1031 and 1049. Plaintiff's complaint stems from his attempts on February 27, 2006 and March 8 and 14, 2006, to file a habeas corpus petition with the court. He alleges that his complaint was on a 1999 form and was rejected by Barton and the clerks, who failed to give it a case number because it was not on the up-to-date 2005 version of the form which, Plaintiff alleges, "matches the 2005 version's material topics for the superior court, merely changing the copies to be filed in California's Supreme Court." (Cmplt. p. 8.) Plaintiff asserts that it was "materially identical." (Id. p. 9.) It also apparently was considered incomplete when first submitted because two pages were improperly combined. When resubmitted, the clerks

4

required the original petition and an original signature. Plaintiff retained the original. He alleges that it was possible for the clerks to have simply returned the signature page for signature instead of sending a blank 2005 version of the habeas corpus form.

Plaintiff seeks an injunction against the failure to assign a case number and forward the petition to a judge; he also seeks $212.00 per day while the status quo continues. (Cmplt. p. 18.)[2]

Plaintiff attaches to his complaint a copy of the habeas corpus petition as well as correspondence concerning Plaintiff's attempts to file it.

### C. Eleventh Amendment Immunity

Plaintiff names as a defendant the Kings County Superior Court for the state of California. (Cmplt. p. 1.)

The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an "arm of the state," its instrumentalities, or its agencies. Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir.1991). A suit against a California superior court is a suit against the state and is barred by the Eleventh Amendment. Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987). Accordingly, suit against the Superior Court is barred by the Eleventh Amendment.

### D. Quasi-judicial Immunity

Judicial or quasi-judicial immunity has been extended not

---

[2] Plaintiff seeks attorney's fees "[t]o the extent that this court appoints counsel pursuant to inherent authority," (Cmplt. p. 20), but Plaintiff does not formally move for the appointment of counsel. The Court thus does not understand Plaintiff to be moving at this early stage of the case for counsel.

5

only to those who actually adjudicate disputes in an adversarial setting, but also in appropriate cases to non-jurists who perform functions closely associated with the judicial process. In re Castillo, 297 F.3d 940, 948 (9th Cir. 2002). The doctrine is appropriately applied to persons other than judges who exercise judgments functionally comparable to those of judges, i.e., those who exercise a discretionary judgment as part of their function. Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435-36 (1993) (holding that a court reporter who was charged with having failed to provide a transcript and who was bound by statute to provide verbatim reports of a criminal trial was not entitled to immunity because she was afforded no discretion in carrying out the duty to record proceedings). After Antoine, the key question is not simply whether common law judges performed the task in question, but rather, whether judges themselves, in performing the function at issue, would be entitled to absolute immunity. Antoine, 508 U.S. at 435; In re Castillo, 297 F.3d 940, 949 (9th Cir. 2002).

Traditionally it has been recognized that court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process, such as filing documents and giving notices. Mullis v. United States Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987). After the decision in Antoine v. Byers & Anderson, Inc., 508 U.S. 429, it has been recognized in the Ninth Circuit that court clerks who are performing tasks related to the judicial process of resolving disputes, and who retain some measure of discretionary judgment in performing those tasks, continue to be immune from suit. See,

6

Moore v. Brewster, 96 F.3d 1240, 1244-45 (9th Cir. 1996) (holding that a court clerk, and a law clerk who assisted a judge by performing functions closely associated with the judicial process and duties most intimately connected with the judge's own exercise of judicial function, were entitled to absolute quasi-judicial immunity), cert. denied 519 U.S. 1118 (1997); In re Castillo, 297 F.3d 940, (9th Cir. 2002) (holding that a bankruptcy trustee's clerk was entitled to complete quasi-judicial immunity with respect to the clerk's scheduling of a hearing and failing to give notice of a hearing because both were functionally comparable to judicial actions, and were analogous to judicial action, in that they involved control of the docket, a task involving the exercise of discretionary judgment related to the resolution of disputes).

Here, it appears that the clerks and Defendant Barton, the executive officer, were performing functions closely associated with the judicial process and exercise of the judicial function; further, it appears that the three employees of the court retained some judgment with respect to evaluating under the applicable standards whether the petitions were formally sufficient for filing.

Accordingly, it appears that the court clerks and the executive officer retained quasi-judicial immunity from suit for rejecting Plaintiff's petition for formal insufficiency.

Plaintiff will be given an opportunity to amend his petition in this regard.

E. Denial of Access to the Courts

Plaintiff asserts that this conduct was performed under

color of state law and constituted a prior restraint obstructing the peaceful distribution of informational literature regarding current events, and an infringement upon his freedom of speech in the form of obstructing petition for redress of habeas corpus grievances. He alleges that it violated the First Amendment and caused an injury in the form of loss of freedom and loss of constitutional rights. (Cmplt. 6-7, 18.) He further asserts that the court should have given him a meaningful opportunity to be heard, including an opportunity to obtain judicial findings before being denied access to the court. (Id. p. 12.)

Plaintiff claims that Defendants' actions have deprived him of his right of access to the courts. As the Court noted in its order of August 30, 2006, denying Plaintiff's motion for a temporary restraining order, in Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court defined a prisoner's right of access to the courts as simply the "right to bring to court a grievance." Lewis v. Casey, 518 U.S. 343, 354 (1996). The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Id. at 354-55. A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." Id. 349-50. To succeed on this action for denial of access to the courts, Plaintiff must allege he suffered a specific, concrete, injury as a result of Defendants' actions. See Casey, 518 U.S. at 351; Barren v. Harrington, 152 F.3d 1193, 1195 (9th Cir.1998). Actual injury means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or

8

present a claim." Casey, 518 U.S. at 348. If the prisoner retains the ability to present his or her arguments to the court, there is no actual injury. Plaintiff here is not being denied the ability to file his state habeas corpus petition. Defendants are simply requiring Plaintiff to file his petition on a form required by the Kings County Superior Court and provide an original copy of the petition, including original signatures, to the Kings County Superior Court. While Plaintiff disagrees with these procedural rules, based on the facts as alleged by Plaintiff, Defendants have not deprived Plaintiff of his ability to file a state habeas corpus petition in the Kings County Superior Court. Plaintiff must simply file his petition on the standard form used by the Kings County Superior Court and provide original signatures. Because it appears Plaintiff will be able to file his petition in the Kings County Superior Court if he complies with the court's procedural rules, Plaintiff has not been denied the ability to file a state habeas corpus petition in the Kings County Superior Court. As such, Plaintiff has failed to show an actual injury.

    Accordingly, Plaintiff will be given an opportunity to amend to allege an actual injury.

    The Court notes that Plaintiff alleges that denial of access to the court is also a violation of his right to substantive due process founded in turn on the First Amendment and Privileges and Immunities Clause. (Cmplt. p. 7.) However, "[t]o establish a violation of substantive due process..., a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial

relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). Here, Plaintiff's right of access claim appears to subsume any more generalized substantive due process claim.

Plaintiff also appears to assert a denial of procedural due process. (Cmplt. pp. 15-17.) He asserts that the clerks unreasonably declined the petition while knowing that there was no material difference between the 1999 and 2005 forms and without any emergency need, other necessity, or impracticality and thus denied meaningful and possible pre-deprivation process. (Cmplt. 10, 12.) He asserts that his only remedy is an independent state tort action. (Id. p. 13.)

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To establish a procedural due process claim, a prisoner must generally show 1) a protected liberty or property interest, and 2) a denial of adequate procedural protections. Thornton v. City of St. Helens, 425 F.3d 1158, 1164 (9th Cir. 2005).

Here, the only interest alleged by Plaintiff to have been affected is his right of access to the courts. As the Court has

10

already ruled, Plaintiff was not denied his right of access because he did not suffer any actual injury. Plaintiff was not barred from filing a petition; rather, he was given an up-to-date form and was given the opportunity to fill it out, affix an original signature, and file it. Plaintiff simply declined to use the form.

F. Retaliation

Plaintiff alleges that Defendants had reckless or callous disregard for and/or indifference to Plaintiff's federally protected rights; further, he alleges that their conduct was "possibly produced by evil motive to intentionally defy U.S. law," and he seeks punitive damages for willfully harmful denials of access by all three defendants. (Cmplt. p. 18.) Plaintiff further alleges that the rejection of his habeas petition for use of the wrong form and for no signature indicated retaliation and was pretextual because, according to a federal case and federal court rules, none is required. (Cmplt. p. 9.) Plaintiff does not state the reason for the retaliation.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

11

Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Here, it is the superior court policies and not prison action of which Plaintiff complains. Nevertheless, Plaintiff has not alleged that the action taken was because of any specified conduct of Plaintiff. Further, Plaintiff has not alleged a chilling of his First Amendment rights.

Accordingly, Plaintiff will be permitted to amend his complaint to allege facts concerning a retaliation claim.

### G. Discrimination

Plaintiff also appears to allege that he was treated in a discriminatory manner (Cmplt. pp. 13-14), although he does not indicate the nature of any class involved or any prohibited basis for discrimination. He also adverts to § 1981.

Title 42 U.S.C. § 1981 prohibits racial discrimination by private actors. Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir. 1989). The defendants in this case are state actors. A claim of racial discrimination advanced by plaintiff in this action must be brought pursuant section 1983 rather than section 1981. Plaintiff will have an opportunity to amend his complaint to state facts concerning discrimination.

### III. Amendment of the Complaint

In summary, the Court finds it necessary to dismiss the complaint in its entirety. Plaintiff has failed to state a cognizable claim against the defendants and has failed to plead facts demonstrating jurisdiction in this Court. However, it is possible that Plaintiff can allege a set of facts, consistent with the allegations, in support of the claim or claims that

would entitle him to relief. Thus, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

In addition, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IV. Disposition

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted; and

2. Plaintiff is obligated to pay the statutory filing

fee of $350.00 for this action; all fees shall be collected and paid in accordance with this Court's order to the Director of the California Department of Corrections filed concurrently herewith; and

   3. Plaintiff's complaint IS DISMISSED with leave to amend; and

   4. Plaintiff IS GRANTED thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110 and will result in dismissal of this action.

IT IS SO ORDERED.

**Dated:   September 13, 2006**                /s/ Sandra M. Snyder
icido3                                        UNITED STATES MAGISTRATE JUDGE