**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARK CONRAD FAUROT II,**<br><br>        **Plaintiff**,<br><br>    v.<br><br>**KINGS COUNTY SUPERIOR COURT EXECUTIVE OFFICER RODD H. BARTON, ET AL.,**<br><br>        **Defendants**. | CV F 06-1005 AWI SMS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; FOR INJUNCTION PENDING APPEAL; AND FOR SERVICE**<br><br>(Document #8) |

## BACKGROUND

Plaintiff, an inmate in the custody of the California Department of Corrections, has filed this action against Clerks at the Kings County Superior Court.   In the complaint, Plaintiff alleges that Kings County Superior Court Clerks have improperly returned his state habeas corpus petition, without filing it, because Plaintiff's petition was on an older form and did not contain an original signature.

Along with his complaint, Plaintiff filed a motion for a temporary restraining order and order to show cause why a preliminary injunction should not be issued.   Plaintiff sought an order from this court requiring the Kings County Superior Court Clerks to immediately file his state habeas corpus petition.   On August 30, 2006, the court denied the motion for a temporary restraining order and preliminary injunction.

On September 13, 2006, Plaintiff filed a motion for reconsideration of the order filed August 30, 2006, a motion for an injunction pending appeal, and a motion for service on the Defendants.

**RECONSIDERATION**

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Plaintiff has not meet the standard for reconsideration. As explained in the court's prior order, Plaintiff's injury is slight because Defendants have not deprived Plaintiff of his ability to file a state habeas corpus petition in the Kings County Superior Court. Plaintiff must simply file his petition on the standard form used by the Kings County Superior Court and provide original signatures. Thus, reconsideration is not warranted.

**INJUNCTION PENDING APPEAL**

Plaintiff also asks the court to grant him an injunction pending appeal. When a notice of

appeal is filed, jurisdiction over the matters being appealed normally transfers from the district court to the appeals court. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985). However, Rule 62(c) of the Federal Rules of the Civil Procedure contains an exception to this general transfer of jurisdiction and allows the district court to retain jurisdiction to suspend, modify, or grant an injunction during the pendency of the appeal. Mayweathers v. Newland, 258 F.3d 930, 935 (9th Cir. 2001). Rule 62(c) of the Federal Rules of Civil Procedure provides in relevant part:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. . . .

Fed.R.Civ.Pro. 62(c).

In determining whether an injunction pending appeal is appropriate, the court considers (1) whether the appellant demonstrates a likelihood of success on the merits of the appeal; (2) whether the appellant will suffer irreparable injury unless the injunction is granted; (3) whether an injunction will substantially harm other interested parties; and (4) the effects of an injunction on the public interest. Washington Metropolitan Area Transit Commission v. Holiday Tours, 559 F.2d 841, 842-44 (D.C.Cir. 1977); Western Land Exchange Project v. Dombeck, 47 F.Supp.2d 1216, 1217 (D.Or. 1999); Kouba v. Allstate Ins. Co., 1981 WL 278, 3 (E.D.Cal. 1981); Wright & Miller, Federal Practice and Procedure: Civil § 2904. see also Hilton v. Braunskill, 107 S.Ct. 2113, 2119 (1987) (release pending appeal). The purpose of an injunction issued pursuant to Rule 62(c) is preservation of the status quo until the court of appeals has acted on an appeal from an order granting or denying an injunction. Klaus v. Hi-Shear Corp., 528 F.2d 225, 235 (9th Cir. 1995).

Given that Plaintiff has a method to submit his habeas petition to the Kings County Superior Court, Plaintiff will most likely not be successful in his appeal. Plaintiff has also failed to make any convincing showing that irreparable harm will be suffered if an injunction pending

appeal is not granted and plaintiffs prevail on appeal.   Because the facts of this case appear to be unique to Plaintiff, any injunction has little or no effect on other persons or the public.   Thus, the court declines to grant an injunction pending appeal.

### SERVICE

Plaintiff next contends that the court has erred by not serving documents on Defendants, including exhibits to Plaintiff's complaint and motions.   The duty to serve Plaintiff's motions and exhibits on Defendants lies with Plaintiff, not the court, pursuant to Rule 4 and Rule 5 of the Federal Rules of Civil Procedure.   The court will only direct the Marshals to serve Plaintiff's complaint if Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.   The court notes Plaintiff has not been given in forma pauperis status at this time.   Plaintiff's pending application will be reviewed by the Magistrate Judge in due course. Until the Magistrate Judge grants Plaintiff in forma pauperis status and finds service appropriate, the court will not serve Defendants.

### ORDER

Accordingly, the court ORDERS that:

1. Plaintiff's motion for reconsideration is DENIED;
2. Plaintiff's motion for an injunction pending appeal is DENIED;
3. Plaintiff's motion for the court to serve documents on Defendants is DENIED.

IT IS SO ORDERED.

Dated:   **September 15, 2006**          **/s/ Anthony W. Ishii**
0m8i78                                                  UNITED STATES DISTRICT JUDGE