IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CONRAD FAUROT II, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KINGS COUNTY SUPERIOR COURT ) <br> EXECUTIVE OFFICER RODD H. ) <br> BARTON, ET AL., ) <br> ) <br> Defendants. ) <br> _____) | CV F 06-1005 AWI SMS <br><br> ORDER DENYING MOTION <br> FOR RECONSIDERATION OF <br> MAGISTRATE JUDGE'S <br> SEPTEMBER 15, 2006 ORDER <br> DISMISSING COMPLAINT <br> WITH LEAVE TO AMEND <br><br> (Document #15) |

**BACKGROUND**

Plaintiff, an inmate in the custody of the California Department of Corrections, has filed this action against Clerks at the Kings County Superior Court.   In the original complaint, Plaintiff alleged that the Kings County Superior Court Clerks improperly returned his state habeas corpus petition, without filing it, because Plaintiff's petition was on an older form and did not contain an original signature.

The Magistrate Judge screened the complaint pursuant to 28 U.S.C. § 1915A(a) because Plaintiff is incarcerated and proceeding in forma pauperis.   After reviewing the complaint, on September 15, 2006, the Magistrate Judge dismissed the complaint with leave to amend for failure to state a claim.

On October 10, 2006, Plaintiff filed a motion for reconsideration of the Magistrate

Judge's September 15, 2006 order.

On October 13, 2006, Plaintiff filed a first amended complaint.

### LEGAL STANDARD

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

### DISCUSSION

The court has reviewed the original complaint and the Magistrate Judge's September 15, 2006 order. The court agrees the original complaint fails to state a claim, and Plaintiff has not

2

1 meet the standard for reconsideration.   The Magistrate Judge's dismissal of the original
2 complaint was simply not clearly erroneous or contrary to law.   As explained by the Magistrate
3 Judge, the original complaint did not allege sufficient facts to state a claim for denial of access to
4 the courts because Defendants have not deprived Plaintiff of his ability to file a state habeas
5 corpus petition in the Kings County Superior Court.   In addition, based on the original
6 complaint's allegations, it appears Defendants are entitled to Eleventh Amendment immunity.
7 Finally, Plaintiff has now filed a first amended complaint.   An amended complaint supersedes
8 the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).   Thus, Plaintiff's
9 motion for reconsideration of the Magistrate Judge's order dismissing the original complaint
10 appears to be moot because this action is now proceeding on the amended complaint.

## ORDER

Accordingly, the court ORDERS that Plaintiff's motion for reconsideration of the Magistrate Judge's September 15, 2006 order dismissing the complaint with leave to amend is DENIED.

IT IS SO ORDERED.

**Dated:     October 24, 2006**          **/s/ Anthony W. Ishii**
0m8i78                                                UNITED STATES DISTRICT JUDGE