IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CONRAD FAUROT II,<br><br>             Plaintiff,<br><br>     v.<br><br>KINGS COUNTY SUPERIOR COURT<br>EXECUTIVE OFFICER RODD H.<br>BARTON, ET AL.,<br><br>             Defendants. | CV F 06-1005 AWI SMS<br><br>ORDER FINDING PLAINTIFF<br>CANNOT APPEAL PURSUANT<br>TO 28 U.S.C. § 1292(a)(1) AND<br>REFERRING ACTION TO<br>MAGISTRATE JUDGE FOR<br>FURTHER PROCEEDINGS<br><br>(Document #12) |

## BACKGROUND

Plaintiff, an inmate in the custody of the California Department of Corrections, has filed this action against Clerks at the Kings County Superior Court.   In both the original complaint and amended complaint, Plaintiff alleges that Kings County Superior Court Clerks have improperly returned his state habeas corpus petition without filing it.

Along with his complaint, Plaintiff filed a motion for a temporary restraining order and order to show cause why a preliminary injunction should not be issued.   Plaintiff sought an order from this court requiring the Kings County Superior Court Clerks to immediately file his state habeas corpus petition.  On August 30, 2006, the court denied the motion for a temporary restraining order.  On September 13, 2006, Plaintiff filed a motion for reconsideration.   On September 18, 2006, the court denied the motion for reconsideration.

On October 4, 2006, Plaintiff filed a motion to proceed in forma pauperis during his interlocutory appeal under 28 U.S.C. § 1292(a)(1).   On October 12, 2006, the court granted the motion to proceed in forma pauperis on appeal.

## DISCUSSION

A review of the docket reveals that Plaintiff has never filed a notice of appeal in this court.  The court's records also reveal that Plaintiff has never filed an appeal with the Ninth Circuit of the court's orders regarding the temporary restraining order.  As such, the court will proceed on this action.

Plaintiff is further advised that it does not appear an interlocutory appeal is available to Plaintiff pursuant to  28 U.S.C. § 1292(a)(1).  Title 28 U.S.C.A. § 1292 provides in relevant part:

> (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:
> (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;

28 U.S.C.A. § 1292(a)(1).   The Ninth Circuit may hear appeals from interlocutory orders of this court which grant, continue, modify, refuse or dissolve injunctions.  28 U.S.C. § 1292(a). "Ordinarily, an appeal does not lie from the denial of an application for a temporary restraining order; such appeals are considered premature and are disallowed '[i]n the interests of avoiding uneconomical piecemeal appellate review.'"  Religious Technology Center, Church of Scientology Intern., Inc. v. Scott, 869 F.2d 1306, 1308 (9th Cir. 1989) (quoting Kimball v. Commandant Twelfth Naval District, 423 F.2d 88, 89 (9th Cir. 1970)).   However, there is an exception to this rule.  A temporary restraining order may be appealed if the circumstances render the denial tantamount to the denial of a preliminary injunction.  Church of Scientology Intern., Inc., 869 F.2d at 1308;  Environmental Defense Fund, Inc. v. Andrus, 625 F.2d 861, 862

(9th Cir.1980). The Ninth Circuit has found that the denial of a temporary restraining order is tantamount to the denial of a preliminary injunction if: (1) The denial of the temporary restraining order followed a full adversary hearing; and (2) In the absence of review, the appellants would be effectively foreclosed from pursuing further interlocutory relief." <u>Andrus</u>, 625 F.2d at 862.

Here, the denial of Plaintiff's motion for a temporary restraining order did not follow a full adversary hearing. In fact, Defendants have not yet been served in this action. The court's order denying the temporary restraining order did not foreclose Plaintiff from obtaining further relief. Finally, the court's denial of the temporary restraining order did not effectively decide the merits of Plaintiff's action. This court is not foreclosed from ordering Defendants to accept Plaintiff's state habeas petition in the future. This case remains pending. Plaintiff has filed an amended complaint. This action will be referred to the Magistrate Judge to screen the amended complaint. If appropriate, the Magistrate Judge will issue a scheduling order and service order. Accordingly, because the denial of Plaintiff's request for a temporary restraining order was not tantamount to the denial of a preliminary injunction, Plaintiff cannot automatically appeal pursuant to 28 U.S.C.A. § 1292(a)(1).

**ORDER**

Accordingly, the court ORDERS that:

1. To the extent a motion for interlocutory appeal is pending before the court, such motion is DENIED;
2. This action is referred to the Magistrate Judge to screen the amended complaint and issue any other appropriate orders.

IT IS SO ORDERED.

**Dated:   July 24, 2007**              /s/ Anthony W. Ishii
                                         UNITED STATES DISTRICT JUDGE