1

2

3

4

5

6

7          UNITED  STATES  DISTRICT  COURT

8              EASTERN DISTRICT OF CALIFORNIA

9

10  MARK CONRAD FAUROT, II,        ) 1:06-cv-01005-AWI-SMS
                                   )
11              Plaintiff,         ) FINDINGS AND RECOMMENDATION TO
                                   ) DISMISS PLAINTIFF'S COMPLAINT
12                                 ) WITHOUT LEAVE TO AMEND (DOC. 16)
                                   )
13       v.                        )
                                   )
14  TODD H. BARTON, Executive      )
    Officer, et al.,               )
15                                 )
                Defendants.        )
16                                 )
    _____    )

17

18       Plaintiff is a state prisoner proceeding pro se with an

19  action for relief concerning alleged civil rights violations. The

20  matter has been referred to the Magistrate Judge pursuant to 28

21  U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

22       Plaintiff filed the first amended complaint (FAC) in this

23  action on October 13, 2006. On July 26, 2007, the Court found

24  that although Plaintiff's motion to proceed in forma pauperis

25  during an interlocutory appeal had been granted, Plaintiff had

26  not filed a notice of appeal, and further, Plaintiff could not

27  appeal the Court's denial of his application for a temporary

28  restraining order because the appeal would be premature. The

                              1

Court referred the matter to the Magistrate Judge for screening

of the amended complaint and issuance of any other appropriate

orders.

     I. <u>Screening the Complaint</u>

       A. <u>Legal Standards</u>

    The Court must screen complaints brought by prisoners

seeking relief against a governmental entity or officer. 28

U.S.C. § 1915A(a). The Court must dismiss a complaint or portion

thereof if the Court determines that an allegation of poverty is

untrue or that the action is 1) frivolous or malicious, 2) fails

to state a claim upon which relief may be granted, or 3) seeks

monetary relief from a defendant who is immune from such relief.

28 U.S.C. §§ 1915A(b), 1915(e)(2).

    In reviewing a complaint under this standard, the Court

must accept as true the allegations of the complaint in question,

<u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740

(1976), construe the pro se pleadings liberally in the light most

favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447

(9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,

<u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

    If the Court determines that the complaint fails to state a

claim, leave to amend should be granted to the extent that the

deficiencies of the complaint can be cured by amendment. <u>Lopez v.</u>

<u>Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A

complaint, or a portion thereof, should only be dismissed for

failure to state a claim upon which relief may be granted if it

appears beyond doubt that the Plaintiff can prove no set of

facts, consistent with the allegations, in support of the claim

2

1  or claims that would entitle him to relief. See Hishon v. King &
2  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355
3  U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log
4  Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).
5  Dismissal of a pro se complaint for failure to state a claim is
6  proper only where it is obvious that the Plaintiff cannot prevail
7  on the facts that he has alleged and that an opportunity to amend
8  would be futile. Lopez v. Smith, 203 F.3d at 1128.

9      A claim is frivolous if it lacks an arguable basis either in
10  law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A
11  frivolous claim is based on an inarguable legal conclusion or a
12  fanciful factual allegation. Id. A federal court may dismiss a
13  claim as frivolous if it is based on an indisputably meritless
14  legal theory or if the factual contentions are clearly baseless.
15  Id.

16      The test for malice is a subjective one that requires the
17  Court to determine whether the applicant is proceeding in good
18  faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46
19  (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir.
20  1986). A lack of good faith is most commonly found in repetitive
21  suits filed by plaintiffs who have used the advantage of cost-
22  free filing to file a multiplicity of suits. A complaint may be
23  inferred to be malicious if it suggests an intent to vex the
24  defendants or abuse the judicial process by relitigating claims
25  decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309
26  (D.C.Cir. 1981); if it threatens violence or contains
27  disrespectful references to the Court, id.; or if it contains
28  untrue material allegations of fact or false statements made with

knowledge and an intent to deceive the Court, <u>Horsey v. Asher</u>,
741 F.2d 209, 212 (8th Cir. 1984).

### B. <u>Plaintiff's Complaint</u>

In the FAC, Plaintiff seeks declaratory and injunctive
relief as well as damages from Todd H. Barton, the executive
officer of the Kings County Superior Court, two court clerks
identified only by numbers (Clerks 1031 and 1049), and the
Judicial Council Members of California. Plaintiff's complaint
stems from his attempts on February 27, 2006 and March 8 and 14,
2006, to file a habeas corpus petition with the court. He alleges
that his petition was on a 1999 form and was rejected by Barton
and the clerks, who failed to give it a case number because it
was not on the up-to-date 2005 version of the form which, it may
be inferred that Plaintiff alleges, was similar to the form he
used but reduced the copies required to be filed in the Supreme
Court of California and contained a reference to different rules
of court. (Cmplt. pp. 3, 4, 8.) Plaintiff also alleged that the
"3 defendants," stated reasons for not filing Plaintiff's
petition, including 1) the 1999 form was outdated; 2) two of the
1999 forms' pages were incomplete; and 3) the court must receive
an original petition and not a copy of the petition with a
xeroxed signature. (Cmplt. p. 6.) Plaintiff alleges that he added
a hand-written signature to his copy and added photocopied pages
separately, but Defendants still refused to file it. (Cmplt. p.
6.) Plaintiff mailed one petition with two pages partly combined
on one page, and filing was denied on February 27, 2006 with a
rejection notice dated February 23, 2006; Defendants could have
simply notified Plaintiff of the need for copies of the missing

4

two pages (pp. 28-29) in order to protect Plaintiff's First

Amendment rights, or they could have asked for production of

exhibits from Plaintiff's custodian. (Cmplt. p. 10-11.) Plaintiff

also alludes to a date and signature photocopied on February 21,

2006, before being printed and signed by hand on March 9, 2006.

(Cmplt. p. 13.) Plaintiff also alludes to "THE ORIGINAL," stating

that it was not ever returned to him, unlike a copy sent and

returned to him on April 13, 2006, in a metered envelope mailed

on April 12, 2006. (Cmplt. p. 15.) Finally, Plaintiff states that

he is unsure if the third non-filing, effected on March 14, 2006,

was produced by intentionally evil motive to defy United States

law. (Cmplt. p. 15.)

Plaintiff alleges that petitions must be filed on the form

approved by the state judicial council except for good cause and

except for petitions filed by attorneys that set forth the

required information. (Id. p. 3.) Plaintiff alleges that because

federal rules of evidence treat some copied documents or

signatures as admissible originals, the court did not need an

original petition. (Cmplt. p. 6.)

He further alleges that California's Rule 4.551(a)(2) was an

inadequate process to preserve his right to report "staff

crimes", and it was arbitrarily disapproved by the Judicial

Council. (Cmplt. p. 10.)

Plaintiff alleged that his filing the petition was an

attempt to report "staff crimes" to a judge. (Cmplt. p. 5.)

Plaintiff also alleges that the procedure concerning the 2005

form is a policy or custom that constitutes a continuing

violation of California standards, a deprivation of First

5

Amendment and procedural due process rights, and a violation of
equal protection as stated in Penal Code § 136.1(b)(1) and
(c)(2). (Id. pp. 6, 13.) Plaintiff alleges that in contrast to
their refusal, the three defendants "likely would favor" the
filing of an original 2005 form submitted by a non-white citizen
or alien resident of California, "thus discriminating racially."
(Cmplt. p. 7.) Plaintiff's sentences are lengthy and complex, but
it appears that Plaintiff is alleging that Defendants' conduct
constituted interference with his freedom of association as
protected by the First Amendment (id. p. 7), right to free speech
and petition for a redress of habeas corpus grievances about good
time credits lost and non-eligibility to earn credits, right
peacefully to distribute to a judge his informational literature,
right of procedural due process that protects First Amendment
liberty interests, right of access to the state court, and right
to be protected against arbitrary discrimination that denies
equal protection of the law; Plaintiff alleges that it was a
prior restraint, and it chilled protected expression. (Cmplt. pp.
7-9, 12.) Plaintiff asserts that a later habeas corpus hearing
would not have been an adequate remedy or procedure for the
irreparable injury caused by the prior restraint, namely, the
non-filing of his copy. (Cmplt. pp. 9-10, 12.) Plaintiff asserts
that use of the 2005 form was unreasonably and arbitrarily
demanded, and that not filing what he submitted was because of
the content of the petition, retaliation motivated by intent or
desire to restrict First Amendment rights "EVEN IF IT WASN'T THE
SOLE FACTOR FOR ANTI-FILING DECISIONS ON 2/27/2006, 3/8/2006, AND
3/14/2006...." (Cmplt. pp. 12-13.) However, he also appears to

6

admit that a 2005 form "was usable" (Cmplt. p. 12 l. 17), so it does not appear that Plaintiff is alleging that he was completely prevented from filing a petition, but only that his petition on the 1999 form was not accepted.

Plaintiff seeks damages in the amount of $212.00 per day on which his petition is not filed; a declaratory judgment that his First Amendment rights are "UPHELD" by the Fourteenth Amendment's Privileges and Immunities clause, the Due Process clause, and the Equal Protection clause, and that his rights are clearly established, and that a 1999 form's forty-nine page copy must be filed. (Cmplt. pp. 15-16.)

Although Plaintiff occasionally refers to documents other than the first amended complaint (see, e.g., p. 14 l. 14, "SEE 1ST NOTICE," there are no documents attached to the FAC.

### C. Eleventh Amendment Immunity

Plaintiff names as defendants the Judicial Council Members of the state of California. (Cmplt. p. 1.) He sues the members of the judicial council in their official capacity for a suit in equity. (Id. p. 2.)

The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an "arm of the state," its instrumentalities, or its agencies. Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir.1991). A suit against California's Judicial Council is a suit against a state agency. Wolfe v. Strankman, 392 F.3d 358, 364 (9th Cir. 2004). However, a state official in his or her official capacity, when sued for prospective injunctive and declaratory relief, is a person under § 1983 because official-capacity actions for prospective relief

7

1 are not treated as actions against the state. Id.

2     Accordingly, to the extent that Plaintiff seeks to sue

3 members of the judicial council in their official capacity for

4 damages, Plaintiff's claim should be dismissed; to the extent

5 that he sues the members of the judicial council in their

6 official capacity, Plaintiff's claim should proceed with respect

7 to his prayer for declaratory and injunctive relief.

8         D. Quasi-judicial Immunity

9     Judicial or quasi-judicial immunity has been extended not

10 only to those who actually adjudicate disputes in an adversarial

11 setting, but also in appropriate cases to non-jurists who perform

12 functions closely associated with the judicial process. In re

13 Castillo, 297 F.3d 940, 948 (9th Cir. 2002). The doctrine is

14 appropriately applied to persons other than judges who exercise

15 judgments functionally comparable to those of judges, i.e., those

16 who exercise a discretionary judgment as part of their function.

17 Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435-36 (1993)

18 (holding that a court reporter who was charged with having failed

19 to provide a transcript and who was bound by statute to provide

20 verbatim reports of a criminal trial was not entitled to immunity

21 because she was afforded no discretion in carrying out the duty

22 to record proceedings). After Antoine, the key question is not

23 simply whether common law judges performed the task in question,

24 but rather, whether judges themselves, in performing the function

25 at issue, would be entitled to absolute immunity. Antoine, 508

26 U.S. at 435; In re Castillo, 297 F.3d 940, 949 (9th Cir. 2002).

27     Traditionally it has been recognized that court clerks have

28 absolute quasi-judicial immunity from damages for civil rights

8

violations when they perform tasks that are an integral part of
the judicial process, such as filing documents and giving
notices. <u>Mullis v. United States Bankruptcy Court for Dist. of
Nevada</u>, 828 F.2d 1385, 1390 (9th Cir. 1987). After the decision
in <u>Antoine v. Byers & Anderson, Inc.</u>, 508 U.S. 429, it has been
recognized in the Ninth Circuit that court clerks who are
performing tasks related to the judicial process of resolving
disputes, and who retain some measure of discretionary judgment
in performing those tasks, continue to be immune from suit. <u>See</u>,
<u>Moore v. Brewster</u>, 96 F.3d 1240, 1244-45 (9th Cir. 1996) (holding
that a court clerk, and a law clerk who assisted a judge by
performing functions closely associated with the judicial process
and duties most intimately connected with the judge's own
exercise of judicial function, were entitled to absolute quasi-
judicial immunity), <u>cert. denied</u> 519 U.S. 1118 (1997); <u>In re
Castillo</u>, 297 F.3d 940, (9th Cir. 2002) (holding that a
bankruptcy trustee's clerk was entitled to complete quasi-
judicial immunity with respect to the clerk's scheduling of a
hearing and failing to give notice of a hearing because both were
functionally comparable to judicial actions, and were analogous
to judicial action, in that they involved control of the docket,
a task involving the exercise of discretionary judgment related
to the resolution of disputes).

        Plaintiff alleges that a decision by clerks or an executive
officer not to file a petition for not being on the form was not
discretionary or closely associated with, or an integral part of,
the judicial process of resolving disputes, which requires
adjudication. (<u>Id.</u> p. 4.)

However, the Court finds to the contrary. It appears that the clerks and Defendant Barton, the executive officer, were performing functions closely associated with the judicial process and exercise of the judicial function, and they were doing so in the context of a specific case which had been submitted to the court for filing; further, it appears that the three employees of the court retained considerable judgment, of the sort associated with judicial action, with respect to evaluating under the applicable standards whether the petitions were formally sufficient for filing. The rule which Plaintiff challenges, namely Cal. Rules of Court, Rule 4.551 provides in pertinent part that although a petition for writ of habeas corpus must be on the Judicial Council's form MC-275, for good cause a court may also accept for filing a petition that does not comply with the requirement for use of the form, and a petition submitted by an attorney need not be on the Judicial Council's form. The Defendant clerks were exercising their judgment with respect to the formal sufficiency of the document which Plaintiff sought to have filed as the initial pleading; they were determining whether good cause was present with respect to a matter closely associated with the judicial process and exercise of the judicial function.

Accordingly, it appears that the court clerks and the executive officer retained quasi-judicial immunity from a suit for damages for rejecting Plaintiff's petition for formal insufficiency.

Further, it does not appear that Plaintiff could allege facts that would overcome this immunity. Thus, granting Plaintiff

another opportunity to amend his complaint would be futile.

Judges and those performing judicial functions are absolutely immune from liability for damages for acts performed in their official capacities. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). However, judicial immunity for state defendants does not extend to actions for prospective injunctive relief, Mireles v. Waco, 502 U.S. 9, 10 n.1 (1991), Ashelman, 793 F.2d at 1075; the immunity also does not extend to actions for declaratory relief, Partington v. Gedan, 961 F.2d 852, 860 n.8 (9th Cir. 1992).

Accordingly, it will be recommended that Plaintiff's claims against the two clerks and the executive officer, Barton, for damages be dismissed because of immunity.

E. Injunctive Relief

1. Bar to Recovery

The Anti-Injunction Act, 28 U.S.C. § 2283 provides that a court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by an Act of Congress, where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. However, this statute does not cover actions pursuant to § 1983. Mitchum v. Foster, 407 U.S. 225 (1972).

In 1996, Congress amended § 1983 to bar injunctive relief in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable. To the extent that Plaintiff sues the members of the Judicial Council, it appears that he is complaining of conduct

undertaken in its executive capacity in adopting the Court rule
in question, and not an act or omission undertaken in the
officer's judicial capacity.

### 2. Injunctive Relief

The purpose of a preliminary injunction is to preserve the
status quo if the balance of equities so heavily favors the
moving party that justice requires the court to intervene to
secure the positions until the merits of the action are
ultimately determined. University of Texas v. Camenisch, 451 U.S.
390, 395 (1981). A preliminary injunction is available to a
plaintiff who "demonstrates either (1) a combination of probable
success and the possibility of irreparable harm, or (2) that
serious questions are raised and the balance of hardship tips in
its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d
935, 937 (9th Cir. 1987). Under either approach the plaintiff
"must demonstrate a significant threat of irreparable injury."
Id. Also, an injunction should not issue if the plaintiff "shows
no chance of success on the merits." Id. At a bare minimum, the
plaintiff "must demonstrate a fair chance of success of the
merits, or questions serious enough to require litigation." Id.

### a. Denial of Access to the Courts

With respect to his claim of denial of access to the courts,
Plaintiff is alleging that Defendants' conduct constituted
interference with his freedom of association as protected by the
First Amendment (id. p. 7), right to free speech and petition for
a redress of habeas corpus grievances about good time credits
lost and non-eligibility to earn credits, right peacefully to
distribute to a judge his informational literature, right of

12

procedural due process that protects First Amendment liberty interests, and right of access to the state court; Plaintiff alleges that it was a prior restraint, and it chilled protected expression. (Cmplt. pp. 7-9, 12.) Plaintiff asserts that a later habeas corpus hearing would not have been an adequate remedy or procedure for the irreparable injury caused by the prior restraint, namely, the non-filing of his copy. (Cmplt. p. 8.)

Plaintiff further states:

> ALTHOUGH THERE WASN'T AN INABILITY TO MEET A FILING DEADLINE OR PRESENT A HABEAS CORPUS CLAIM VIA THE 2005 FORM'S ORIGINAL THAT COULD BE BUT WASN'T USED IN LIEU OF THE 1999 FORM I USED BY SENDING THE 49-PAGE COPY FOR FILING, NON-FILING SUCH COPY PREJUDICED CONTEMPLATED HABEAS CORPUS LITIGATION'S COMMENCEMENT, I.E., IRREPARABLE INJURY WAS CAUSED BY NON-FILING, 3 TIMES....

(Cmplt. p. 9.)

With respect to access to the courts, in Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court defined a prisoner's right of access to the courts as simply the "right to bring to court a grievance." Lewis v. Casey, 518 U.S. 343, 354 (1996). The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Id. at 354-55. A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." Id. 349-50. To succeed on this action for denial of access to the courts, Plaintiff must allege he suffered a specific, concrete, injury as a result of Defendants' actions. See Casey, 518 U.S. at 351; Barren v. Harrington, 152 F.3d 1193, 1195 (9th Cir.1998). Actual injury means "actual prejudice with respect to contemplated or existing

1  litigation, such as the inability to meet a filing deadline or

2  present a claim." <u>Casey</u>, 518 U.S. at 348. If the prisoner retains

3  the ability to present his or her arguments to the court, there

4  is no actual injury.

5      As Plaintiff himself admitted, he is not being denied the

6  ability to file his state habeas corpus petition. Defendants

7  simply required Plaintiff to file his petition on a form required

8  by the Kings County Superior Court and provide an original copy

9  of the petition, including original signatures, to the Kings

10 County Superior Court. While Plaintiff disagrees with these

11 procedural rules, based on the facts as alleged by Plaintiff,

12 Defendants have not deprived Plaintiff of his ability to file a

13 state habeas corpus petition in the Kings County Superior Court.

14 Plaintiff must simply file his petition on the standard form used

15 by the Kings County Superior Court with an original signature.

16 Because it appears Plaintiff will be able to file his petition in

17 the Kings County Superior Court if he complies with the court's

18 procedural rules, Plaintiff has not been denied the ability to

19 file a state habeas corpus petition in the Kings County Superior

20 Court. As such, Plaintiff has failed to show an actual injury,

21 and thus he cannot state a claim for obstruction of access to the

22 courts.

23     Likewise, because Plaintiff has not been prevented from

24 filing a petition for writ of habeas corpus, it does not appear

25 that Plaintiff has alleged any obstruction of any right to

26 petition for a redress of grievances about good time credits

27 lost, non-eligibility to earn credits, or other matters that

28 might be the subject of a petition, or of his right peacefully to

distribute to a judge his petition.

b. <u>Procedural Due Process</u>

Plaintiff alleges that Defendants intentionally deprived him of his First Amendment rights without a meaningful pre-deprivation process, and that a post-deprivation habeas corpus hearing would not have been an adequate remedy. He alleges in substance that the clerks unreasonably and arbitrarily declined the petition while knowing that there was no material difference between the 1999 and 2005 forms and without any emergency need, other necessity, or impracticality and thus denied meaningful and possible pre-deprivation process. (Cmplt. pp. 9-11.)

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). To establish a procedural due process claim, a prisoner must generally show 1) a protected liberty or property interest, and 2) a denial of adequate procedural protections. <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1164 (9th Cir. 2005).

Here, the only interest alleged by Plaintiff to have been affected is his First Amendment right of access to the courts to file a petition for writ of habeas corpus. As the Court has already ruled, Plaintiff was not denied his right of access because he did not suffer any actual injury. Plaintiff was not barred from filing a petition; rather, he was given an up-to-date form and was given the opportunity to fill it out, affix an original signature, and file it. Plaintiff simply declined to use the form. It thus does not appear that Plaintiff has alleged a denial of adequate procedural protections.

### c. Retaliation

Plaintiff alleges that Defendants declined to file his petition because of the content of his petition, but he does not state the precise content that he alleges caused them to act. (Cmpt. p. 13, ll. 19-20.) However, Plaintiff has also alleged that they declined the petition because it was not on the proper form. Plaintiff also appears to allege that the Defendants declined to file his petition as retaliation motivated by intent or desire to restrict his First Amendment rights, although it was not the sole factor; it was also motivated by Plaintiff's annotations made to notices he received in response to his submission. (Cmplt. p. 13, ll. 16-28; p. 14, ll. 1-14.) Plaintiff states that Defendants had reckless or callous disregard for or indifference towards his rights, but he is unsure if the third rejection of his petition on March 14, 2006, was produced by an intentionally evil motive to defy United States law. (Cmplt. p. 15.)

A claim of retaliation for a prisoner's exercise of First Amendment rights entails five basic elements: 1) a state actor took some adverse action against an inmate 2) because of 3) the prisoner's protected conduct, and the action 4) chilled the inmate's exercise of his First Amendment rights, and 5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The proper test with respect to the element of chilling exercise of First Amendment rights is whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes v. Robinson, 408 F.3d 559, 568

1  (9th Cir. 2005). A plaintiff need not allege that his speech was
2  actually inhibited or suppressed, but there must be facts alleged
3  that First Amendment rights were chilled.

4       Here, Plaintiff has alleged only that his petition/s were
5  not filed; however, it is clear that Plaintiff remained able to
6  file his petitions by sending in the petition on a 2005 form.
7  There are no circumstances alleged that would elevate the routine
8  rejection of a pleading not on a required form to an adverse
9  action that would chill or silence a person of ordinary firmness
10 from future First Amendment activities. It appears that Plaintiff
11 had access to the up-to-date form and was able to put his
12 petition on the form. Considering the circumstances alleged,
13 requiring a petition to be filed on an up-to-date form mandated
14 statewide is not an act that would chill or silence a person of
15 ordinary firmness from future First Amendment activities.
16 Therefore, Plaintiff has failed to allege facts showing a chill
17 with respect to his First Amendment rights.

18      Accordingly, Plaintiff has not stated a claim for
19 retaliation. Plaintiff has already had one opportunity to amend
20 his complaint, and it does not appear that Plaintiff could allege
21 facts that would state a claim. Therefore, Plaintiff's
22 retaliation claim should be dismissed. Further, Plaintiff has
23 further not shown any likelihood of success on the merits on such
24 a claim.

25                    d. <u>Discrimination</u>

26      Plaintiff also appears to allege that he was treated in a
27 discriminatory manner (Cmplt. pp. 13-14), although he does not
28 indicate the nature of any class involved or any prohibited basis

for discrimination other than a fanciful reference to the likelihood of Defendants' welcoming a petition from someone of another race or nationality, and his mention of attorneys' being exempt from the requirements of the court rule requiring habeas petitions to be on the required form. (Cmpt. p. 7.) Plaintiff mentions Penal Code § 136.1(b)(1), which defines crimes and punishments relating to intimidation of victims or witnesses to crimes who seek to report crimes to various law enforcement officers or to a judge. He also adverts to § 1981.

Title 42 U.S.C. § 1981 prohibits racial discrimination by private actors. Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir. 1989). The defendants in this case are state actors. A claim of racial discrimination advanced by plaintiff in this action must be brought pursuant section 1983 rather than section 1981.

To state a § 1983 claim for violation of the Equal Protection clause, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005). The appropriate analysis is first to identify the defendants' asserted classification of groups; the groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified; an equal protection claim will not lie by conflating all persons not injured into a preferred class receiving better treatment. Id. at 1167.

Plaintiff is apparently a layperson and thus is not similarly situated with attorneys. Plaintiff does not allege that his white race or origin was the basis of the Defendants'

18

rejection of his petition. Plaintiff only speculates that the
clerks and executive officers "likely would favor filing of a
2005 form's original submitted by a non-white citizen or alien
resident of California," and thus would discriminate between
races. (Cmplt. p. 7.)

With respect to equal protection of the laws, Plaintiff has
not alleged that he is a member of a class deserving of
protection under the laws of the United States or that he has
been treated in a manner inconsistent with others similarly
situated in violation of the equal protection clause of the
Constitution. <u>See</u>, <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158,
1167 (9th Cir. 2005). The facts do not suggest a viable theory of
equal protection violation.

Plaintiff's equal protection claim should thus be dismissed
without leave to amend. Further, Plaintiff has not shown any
likelihood of prevailing on such a claim.

e. <u>Conspiracy</u>

Plaintiff makes vague references to conspiring defendants
(Cmplt. p. 8 l. 24) and conspiracy (<u>id.</u> p. 14 l. 1).

A conspiracy claim brought under section 1983 requires proof
of "'an agreement or meeting of the minds to violate
constitutional rights,'" <u>Franklin v. Fox</u>, 312 F.3d 423, 441 (9th
Cir. 2001) (quoting <u>United Steel Workers of Am. v. Phelps Dodge
Corp.</u>, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation
omitted)), and an actual deprivation of constitutional rights,
<u>Hart v. Parks</u>, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting
<u>Woodrum v. Woodward County, Oklahoma</u>, 866 F.2d 1121, 1126 (9th
Cir. 1989)). "'To be liable, each participant in the conspiracy

1   need not know the exact details of the plan, but each participant

2   must at least share the common objective of the conspiracy.'"

3   Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d

4   at 1541).

5        The federal system is one of notice pleading, and the court

6   may not apply a heightened pleading standard to plaintiff's

7   allegations of conspiracy. Empress LLC v. City and County of San

8   Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v.

9   County of Santa Clara, 307 F.3d 1119, 1126 (2002). However,

10  although accepted as true, the "[f]actual allegations must be

11  [sufficient] to raise a right to relief above the speculative

12  level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955,

13  1965 (2007) (citations omitted).  A plaintiff must set forth "the

14  grounds of his entitlement to relief[,]" which "requires more

15  than labels and conclusions, and a formulaic recitation of the

16  elements of a cause of action . . . ." Id. at 1964-65 (internal

17  quotations and citations omitted). As such, a bare allegation

18  that defendants conspired to violate plaintiff's constitutional

19  rights will not suffice to give rise to a conspiracy claim under

20  section 1983.

21       Here, there are no affirmative allegations of agreement.

22  However, more fundamentally, as the preceding analysis reflects,

23  Plaintiff failed to allege an actual deprivation of

24  constitutional rights. Thus, Plaintiff has not stated a claim for

25  conspiracy.

26       In summary, even assuming Plaintiff's allegations to be

27  true, Plaintiff nevertheless has not shown a fair chance of

28  success of the merits, or questions serious enough to require

litigation, with respect to his claims of denial of access to the

courts, right to petition for redress of grievances or to

distribute his petition, retaliation, conspiracy, and

discrimination. Further, Plaintiff has failed to allege any

irreparable injury. Thus, Plaintiff fails to allege facts showing

entitlement, or likelihood of entitlement, to an injunction.

## F. Declaratory Relief

Plaintiff seeks a declaratory judgment as follows:

> I SEEK A DECLARATORY JUDGMENT THAT 1ST AMENDMENT
> RIGHTS ARE UPHELD BY THE 14TH AMENDMENT'S PRIVILEGES AND
> IMMUNITIES CLAUSE, DUE PROCESS CLAUSE, AND EQUAL
> PROTECTION CLAUSE, AS WELL AS THAT SUCH RIGHTS ARE
> CLEARLY ESTABLISHED.
> 39. I ALSO SEEK DECLARATORY RELIEF THAT A 1999
> FORM'S 49-PAGE COPY MUST BE FILED UNDER UNREASONABLY
> VIOLATED AND CLEARLY ESTABLISHED U.S. LAW THAT § 1983
> MAKES ENFORCEMENT APPLICABLE TO, FOR THE ACTS
> AND OMISSION BY 3 DEFENDANTS AT THE KINGS COUNTY
> SUPERIOR COURT WHERE JUDICIAL COUNCIL APPROVAL HAS
> BEEN LIMITED TO THE 2005 FORM.

(Cmplt. pp. 15-16.) Plaintiff does not appear to state a separate

claim for declaratory relief; rather, he relies on the

allegations previously analyzed as the basis for his prayer.

The Court assumes that Plaintiff is seeking relief under 28

U.S.C. § 2201. The Declaratory Judgment Act, 28 U.S.C. § 2201, is

a procedural statute pursuant to which a federal court determines

whether to exercise its jurisdiction to hear a declaratory relief

action. It does not itself confer jurisdiction; an independent

basis for federal court subject matter jurisdiction is required.

Golden Eagle Ins. Co. v. Travelers Companies, 103 F.3d 750, 753

(9th Cir. 1996), overruled on other grounds in Government

Employees Ins. Co. v. Dizo, 133 F.3d 1220, 1227 (9th Cir. 1998).

It gives the federal courts discretion to award declaratory

1  relief in cases in which the federal court otherwise has
2  jurisdiction, and it applies even in diversity cases. DeFeo v.
3  Proctor & Gamble Co., 831 F.Supp. 776, 779 (N.D. Cal. 1993).

4      Here, as the preceding analysis demonstrates, Plaintiff
5  failed to state a federal claim, and Plaintiff failed to state
6  facts upon which there would be jurisdiction over Plaintiff's
7  complaint in this Court. Thus, no basis for declaratory relief
8  has been stated.

9      Further, for purposes of declaratory relief, "past exposure
10  to illegal conduct does not in itself show a present case or
11  controversy... if unaccompanied by any continuing, present
12  adverse effects." City of Los Angeles v. Lyons, 461 U.S. 95, 102
13  (1983); Blair v. Shanahan, 38 F.3d 1514, 1519 (9th Cir. 1994).
14  Plaintiff has failed to allege that there is any cognizable
15  damage presently being suffered or that he faces any such damage
16  in the future. The present case relates to only past conduct,
17  where the harm has already occurred, and where there appears to
18  be no continuing adverse effects. See Lyons, 461 U.S. at 102.
19  Accordingly, Plaintiff has not alleged facts showing that he is
20  entitled to declaratory relief, or that declaratory relief is
21  appropriate.

22      II. Recommendation

23      Plaintiff has failed to state a federal claim and has failed
24  to allege facts showing jurisdiction in this Court. Plaintiff has
25  already had one opportunity to amend his complaint, and it
26  appears from the facts alleged that it would be futile to grant
27  leave to amend because Plaintiff could not allege facts stating a
28  claim and showing jurisdiction in this Court.

1    Accordingly, pursuant to the foregoing analysis, it IS

2  RECOMMENDED that Plaintiff's complaint BE DISMISSED without leave

3  to amend.

4    This report and recommendation is submitted to the United

5  States District Court Judge assigned to the case, pursuant to the

6  provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

7  Local Rules of Practice for the United States District Court,

8  Eastern District of California. Within thirty (30) days after

9  being served with a copy, any party may file written objections

10  with the court and serve a copy on all parties. Such a document

11  should be captioned "Objections to Magistrate Judge's Findings

12  and Recommendations." Replies to the objections shall be served

13  and filed within ten (10) court days (plus three days if served

14  by mail) after service of the objections. The Court will then

15  review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

16  (b)(1)(C). The parties are advised that failure to file

17  objections within the specified time may waive the right to

18  appeal the District Court's order. Martinez v. Ylst, 951 F.2d

19  1153 (9th Cir. 1991).

20    Plaintiff is admonished not to attempt to file an amended

21  complaint as Plaintiff's recourse is to object to these findings

22  and recommendations. Plaintiff is further admonished that this

23  Court will strike any amended complaint filed without the Court's

24  specific grant of permission to file an amended complaint.

25  IT IS SO ORDERED.

26  **Dated:    October 23, 2007**              **/s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE

27

28