IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CONRAD FAUROT II,<br><br>             Plaintiff,<br><br>    v.<br><br>KINGS COUNTY SUPERIOR COURT<br>EXECUTIVE OFFICER RODD H.<br> BARTON, ET AL.,<br><br>             **Defendants**. | CV F 06-1005 AWI SMS<br><br>ORDER DENYING MOTION<br>FOR RECONSIDERATION<br><br>(Document #24) |

    Plaintiff, an inmate in the custody of the California Department of Corrections, has filed this action against Clerks at the Kings County Superior Court.   Plaintiff contends that Clerks have failed to file his state habeas corpus petition.

    On October 24, 2007, the Magistrate Judge filed Findings and Recommendations recommending that the complaint be dismissed for failure state a claim.  On November 29, 2007, the court adopted the Findings and Recommendations and dismissed the complaint without leave to amend.

    On December 3, 2007, Petitioner filed objections.

    On December 7, Petitioner filed a motion to vacate the judgment of dismissal.

## LEGAL STANDARD

The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992).  Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs.  Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988).  Nor is reconsideration to be used to ask the court to rethink what it has already thought.  United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Pursuant to Rule 59(e), any motion to alter or amend judgment shall be filed no later than ten days after entry of judgment.   Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly-discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.  Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  This showing is a "high hurdle."  Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001).   Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . .

or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

### DISCUSSION

Petitioner contends that the court failed to consider his objections because the court gave him 30 days to file objections but when adopting the Findings and Recommendations, the undersigned mistakenly found that Petitioner only had 10 days in which to object.   The court has reviewed the applicable Findings and Recommendations.   The Findings and Recommendations gave Plaintiff thirty days to file objections.   The order adopting the Findings tand Recommendations erroneously states that the Findings and Recommendations only gave ten days.   However, the court did not adopt the Findings and Recommendations until November 25, 2007, more than thirty days after Plaintiff received the Findings and Recommendations.[1]   Thus, it was not improper for the court to adopt the Findings and Recommendations after one month.

Regardless, even if the court considered the objections, they present no basis to not adopt the Findings and Recommendations or vacate judgment.   While Petitioner clearly disagrees with this court's finding that the Clerk's failure to process his petition states a claim, nothing in the objections causes this court to think its earlier rational was in error.

---

[1] Plaintiff's verified motion states that he received the Findings and Recommendations on October 26, 2007.   The court notes that a court generated document is considered filed when it is filed by the Clerk of the Court, not when Plaintiff receives the document.   The "mailbox rule" states that an incarcerated pro se litigant's filing requirement is met when the pro se litigant delivers a document to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 270 (1988).   There is no converse rule that deems a court generated document not filed until an incarcerated pro se litigant receives the document.
   The proof of service on the objections states that they were mailed on November 28, 2007, over thirty days after both the date October 24, 2007 date on which the Findings and Recommendations were filed and the October 26, 2007 on which Plaintiff received them.   The proof of service states the objections were given to prison officials for photocopying on November 26, 2007.   The "mailbox rule" does not assist Plaintiff as to the date of filing his objections.   The "mailbox rule" applies when a document is delivered to prison authorities for mailing, not when the document is delivered for photocopying. See Houston, 487 U.S. at 270.   Thus, under the "mailbox rule", Plaintiff did not file his objections until November 28, 2007.

**ORDER**

Accordingly, the court ORDERS that Plaintiff's motion to vacate is DENIED.

IT IS SO ORDERED.

**Dated:   January 4, 2008**                             /s/ Anthony W. Ishii
                                                    UNITED STATES DISTRICT JUDGE

4